JOSEPHINE CASLANI *v.* ERWIN W. AIKEN.

January Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed February 16, 1936.

*H. William Scott* for the defendant.

*J. Ward Carver* for the plaintiff.

Powers, C. J. By this bill in chancery, the plaintiff seeks to restrain the defendant from obstructing a right of way. The case was heard below by Chancellor Davis, who found the facts and thereupon rendered a decree for the plaintiff, permanently enjoining the defendant from obstructing the plaintiff's way as granted by deed and located by user and acquiescence. The defendant appealed.

The parties own adjoining house-lots in the City of Barre, the same being parts of lot No. 123. The one owned by the plaintiff lies directly north of the one owned by the defendant and fronts on North Main Street. The defendant's lot fronts on Sixth Street. The plaintiff owns a right of way from Sixth Street across the defendant's lot, which originated in a deed from one Campbell and wife to a former owner of the plaintiff's lot, in which deed the way is described as follows: ''A right of way from Sixth St. across the easterly end of the southerly portion of lot No. 123, sufficient for a team to pass thereon.'' It thus appears that the way was not located upon the ground by the deed, and if nothing more was shown, the law of the defendant's brief would apply, and the court would locate it with due regard to the interests of the parties, that of the defendant as well as that of the plaintiff. But more was shown, for it is found that as early as August 21, 1911, the plaintiff and her husband—then alive but since deceased—selected and used a location, ten feet wide, near, but several feet from, the easterly line of the defendant's lot, which location, by use, soon became plainly marked upon the ground; and that this location had been acquiesced in by the defendant's predecessors in title from the date of such selection until June 13, 1934, which was the date on which the defendant took title to his lot.

 Under these circumstances, the ten-foot strip, so used, has become the true location of the way; as much so as if it had been definitely described in the deed or subsequently adopted by an express agreement. The law of this subject is all to be found in *Lafleur* v. *Zelenko*, 101 Vt. 64, 70 *et seq.*, 141 Atl. 603, which is full authority for an affirmance here, there being no question about the defendant's garage being an obstruction to the way so located.

*Decree affirmed.*